Glenn W. Kincheloe v. Commissioner.
Kincheloe v. Commissioner
Docket No. 6216-69 SC.
United States Tax Court
T.C. Memo 1971-35; 1971 Tax Ct. Memo LEXIS 297; 30 T.C.M. (CCH) 154; T.C.M. (RIA) 71035; February 23, 1971, Filed. Glenn W. Kincheloe, pro se, 4120 Prairie Ave., Brookfield, Ill. Walter T. Thompson, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency of $348.60 in petitioner's income tax for the taxable year 1967. The issues presented are whether the petitioner is entitled under section 151(e) of the Internal Revenue Code of 1954, [1] to a dependency exemption for his mother and for his brother. *298 Some of the facts have been stipulated and those facts are so found. The petitioner's legal residence on December 15, 1969, the date of the filing of his petition was 4120 Prairie Avenue, Brookfield, Illinois 60513. The petitioner and his wife, Thelma C. Kincheloe filed a joint income tax return for the taxable year 1967 with the Director, Internal Revenue Service Center, Midwest Region, 2306 East Bannister Road, Kansas City, Missouri 64170. Thelma C. Kincheloe did not join the petitioner in filing a petition with this Court. On the income tax return of the petitioner and his wife, petitioner claimed dependency exemptions for his mother, Ada Kincheloe, and his brother, Gerald Kincheloe. In 1967, Ada Kincheloe, a retired United States post-mistress, received a pension under the Civil Service Retirement System in the total amount of $873. No part of this pension represented a return of her contribution to the retirement system. Therefore the entire amount of $873 is includible in her gross income. Since her gross income for 1967 is not less than $600 she cannot qualify as a dependent under the statute, section 151(e) of the Internal Revenue Code. In 1967, *299 Gerald Kincheloe did not have gross income in excess of approximately $20. He was in receipt of monthly disability insurance benefit payments under section 202, Title II of the Social Security Act. The monthly payments were estimated by petitioner to be between $110 and $120 per month or between $1,324 and $1,440 during the year 1967. The monthly disability payments do not constitute income so that Gerald meets the test of section 151(e) of the Internal Revenue Code in having gross income in 1967 less than $600. However, the monthly disability payments are taken into account in determining the support test of section 152 of the Internal Revenue Code. Under that section, petitioner must show that he furnished over one-half of Gerald's support. For that purpose petitioner submitted a statement supported by his testimony showing a total of $1,700.05 [2] which he expended in 1967 on behalf of Gerald. Not all of the items making up this total qualify as support items. The items we hold not to be support items are: Insurance proceeds paid to third party as a result of an accident involving the automobiles of the petitioner and a third party alleged *300 to be caused by the actions of Gerald, in the amount of $650; cost of four trips to Oklahoma City, in the amount of $22; motel expenses of petitioner for one week, in the amount of $98; cost of meals for petitioner, in the amount of $49; and, petitioner's wages for one week, in the amount of $300 (this represents the value of leave time used by petitioner to visit his brother in Oklahoma.) The total of these items is $1,119. When the total of these items is subtracted from the amount of support claimed by the petitioner, $1,700.05, it is reduced to $581.05. For this reason, we do not specifically pass on any of the remaining items as necessarily being items of support although some are. On the assumption that the total of petitioner's contribution of $581.05 and Gerald's disability payments, as a minimum, $1,324 constitute his entire support for the year 1967 it can be readily seen that petitioner's contribution of $581.05 155 toward his brother's support represents less than one-half of the total of $1,905.05 in support payments. A taxpayer must contribute over half of the support of any person claimed as a dependent under section 152 of the Internal Revenue Code *301 to be entitled to the deduction in computing taxable income provided by section 151(e) of the Internal Revenue Code. Petitioner argues, as we understand it, that any expenditure made on behalf of his mother and brother should be allowed as a deduction. This argument is wholly without merit and contrary to the statute. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩
2. The total shown on the statement is $1,100.05. This appears to result from an error in addition.↩